UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

_____
                              )
UNITED STATES OF AMERICA,    )
                              )
                vs.          )       5:18-CR-326-1-D
                              )
DANIEL TUDEUSZ ROMANOWSKI,    )
                              )
            Defendant.   )
_____)

FEBRUARY 19, 2019
SENTENCING HEARING
BEFORE THE HONORABLE JAMES C. DEVER, III
UNITED STATES DISTRICT JUDGE

APPEARANCES:

On behalf of the Government:

SEBASTIAN KIELMANOVICH, ASSISTANT U.S. ATTORNEY
U.S. Attorney's Office
310 New Bern Avenue, Suite 800
Raleigh, North Carolina  27601
sebastian.kielmanovich@usdoj.gov

On behalf of the Defendant:

STEPHEN C. GORDON, ESQ.
Federal Public Defender's Office
150 Fayetteville Street Mall
Suite 450
Raleigh, North Carolina  27601-2919
stephen_gordon@fd.org

Wanda B. Constantino, CVR-CM-M
WordServices, Inc.
1102 Driftwood Drive
Siler City, North Carolina  27344
919.548.4914
wanda@mywordservices.com
Stenomask with computer-aided transcription

(Tuesday, February 19, 2019, commencing at 8:58 a.m.)

(Call of Court to order.)

THE COURT: Good morning. Welcome to the United States District Court for the Eastern District of North Carolina. We'll take up the sentencing of Daniel Romanowski.

Good morning, Mr. Gordon.

MR. GORDON: Good morning, Your Honor.

THE COURT: Is the defense ready?

MR. GORDON: We are, Your Honor.

THE COURT: Good morning, Mr. Kielmanovich. Is the Government ready?

MR. KIELMANOVICH: Yes, Your Honor.

THE COURT: At this time I'll ask that Mr. Romanowski be sworn or affirmed.

(The Defendant, Daniel Romanowski, was sworn.)

THE COURT: Mr. Romanowski, do you understand that having been sworn, that your answers to my questions are subject to the penalty of perjury, and if you were to lie to me you could be prosecuted for perjury or for making a false statement?

THE DEFENDANT: I do.

THE COURT: Have you taken any kind of medicine or any other substance in the last 48 hours that would affect your ability to hear and understand this proceeding?

THE DEFENDANT: I'm -- I'm diabetic.

THE COURT:  But you take medicine for your diabetes?

THE DEFENDANT:  Yeah, I took insulin.

THE COURT:  Does that affect your ability to hear and understand me?

THE DEFENDANT:  No.

THE COURT:  Do you know why you're here today?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Gordon, do you have any reason to doubt Mr. Romanowski's competence to go forward today?

MR. GORDON:  No, Your Honor.

THE COURT:  Does the Government doubt Mr. Romanowski's competence to go forward today?

MR. KIELMANOVICH:  No, Your Honor.

THE COURT:  Based on Mr. Romanowski's answers to my questions, my observations of Mr. Romanowski, and the answers from counsel, I find that he is competent.

Sir, you're here today having entered a plea of guilty to a charge of voting by an alien in violation of 18 U.S.C. Section 611(a).  The probation office prepared a presentence report, calculated a Total Offense Level of 4, Criminal History Category 1, and calculated the Guideline Range of 0 to 6 months.

Have you spoken with your counsel Mr. Gordon about that presentence report?

THE DEFENDANT:  Yes.

THE COURT: And the report indicates there are no objections to the report from either you or the Government. Mr. Gordon, is it still the case no objections to the report from the defense?

MR. GORDON: No objections, Your Honor.

THE COURT: Is that correct, Mr. Kielmanovich?

MR. KIELMANOVICH: That's correct, Your Honor.

THE COURT: The Advisory Guideline Range is 0 to 6 months. Does the Government object to that Advisory Guideline Range?

MR. KIELMANOVICH: No, Your Honor.

THE COURT: Does the defense object to that Advisory Guideline Range?

MR. GORDON: No, Your Honor.

THE COURT: I do accept the Advisory Guideline Range. Pursuant to Rule 32, I adopt the facts set forth in the presentence report as correct. I'll hear from Mr. Gordon, then I'll hear from Mr. Romanowski, and then I'll hear from Mr. Kielmanovich.

Mr. Gordon.

MR. GORDON: Thank you, Your Honor.

Your Honor, as noted, we have no objections to the presentence report. The thing that I would like the Court to know is, as I'm sure the Court is already familiar, but that the offense to which he's pled guilty is in a way a strict

liability offense. What the Government must show is, number one, that you're not a citizen; number two, that you voted.

And I think what happened with Mr. Romanowski was a mistake. It was not an intent. There was no intent on his part to fraudulently vote. He went with his partner at the time to apply -- she was applying for food stamps. And as I understand it, pursuant to the -- I think the Motor Voter law or something similar, they were both asked in the process of doing that, "Do you want to register to vote?" He said that he was a legal permanent resident and he said, "Can I sign up? I'm a legal permanent resident."

And the person said, "I'm not sure. I can sign you up."

So the form was filled out. Mr. Romanowski did not check the box saying that he was a citizen. He left that box blank. He did sign the form, though, and at the bottom of the form it does say something to the effect of "in accordance with -- as attested to above, I certify that I'm qualified to vote" or something like that.

I think the lessen -- and we have talked a lot about it -- is that he should have been more careful with this. But in terms of a fraudulent intent, he simply did not have it. But he did violate the law, and he has pled guilty to that.

He's a very hard worker. His employer, Mr. Light, has come here today to support him. And I have been to

Mr. Romanowski's residence several times. He lives simply. He works hard. He has potential consequences with his immigration status as a result of this, which I think had he -- it's not something he ever deliberately would have put at risk for this. So the consequences already have been significant for him, potentially are more significant for him.

So I would ask the Court's indulgence to the extent the Court is so inclined to let him put this aspect of the case behind him and continue on and deal with whatever may be down the road immigration-wise.

And that's -- I thank the Court for listening.

THE COURT:  Thank you.  At this time I'll hear from Mr. Romanowski, if you'd like to make a statement, sir.  Would you like to say anything?

THE DEFENDANT:  I just did a big mistake.  I didn't know that I should look at it more into it, that I shouldn't vote.  And --

THE COURT:  That you should have what?

THE DEFENDANT:  That I shouldn't -- I should not vote.  I should look through it more.  And I'm sorry.  I didn't know about it.

THE COURT:  Thank you.  Mr. Kielmanovich.

MR. KIELMANOVICH:  Your Honor, this is a very serious offense to the extent the Defendant's vote has been counted and it has helped to dilute the right of the citizens to vote and

to have their voice counted because people like the Defendant have been voting. And I believe the Court will hear the next case, another sentencing in which similar criminal conduct occurred. Other judges in this district have already seen some of these cases, and we have others coming down as well.

Your Honor, it's a basic right of citizenship, the right to vote. I believe that that's the case in most of the world. The Defendant should have known that he was not entitled to vote in the general elections like he did. I mean, he didn't only do it once. He did it twice. 2012 and 2016. The Defendant -- he was given local permanent resident status in 2004. He didn't apply for citizenship. He didn't qualify for citizenship by derivation.

And the form that the Defendant signed, although the box -- question number one says, "Are you a citizen of the United States? Yes or no. If your answer is no, do not continue completing this form."

But nonetheless, even if he left it blank, next to the signature there's another attestation that says, "I'm a citizen of the United States," and the Defendant signed that as well.

I think we have seen an effort by the defense to try to minimize the liability of defendants in this situation by claiming that they have been registered by the board, which that's a problem on its own. It's inconceivable that there are

people like -- in this status that are being registered when they produce no evidence of citizenship. And in some cases they have shown a green card, which is actually evidence of noncitizenship because they're here as immigrants and they still have been registered. So that's a problem on its own. But nonetheless, I argue to the Court that that does not minimize the liability of this Defendant in terms of his actions in this case.

So also it's very common to see, when one goes to vote, signs that say "Are you a citizen of the United States?" I mean, if you become a citizen, it's because you went through the application process. There's a background check. There's a citizenship interview. There's a test that has to be passed to get citizenship, and there's an oath and ceremony. So for somebody to claim that he or she believed to be a U.S. citizen just either by being here many years or by sending an application is good enough -- now, I'm talking in disrespect a little bit generally, because the Defendant did not make the claim as understanding that he believed that he was a U.S. citizen. The point is that as a lawful permanent resident, he knew or should have known that he was not entitled to vote, and he voted in two general elections. To this date, his vote has been counted, and that is outrageous, I submit to the Court.

Your Honor, we're asking, pursuant to the terms of the plea agreement -- he did sign one. There's some appeal

waivers, and he told the Government early on that he wanted to dispose the case in that manner. Pursuant to those terms, we're recommending probation in this case. We would ask for 12 months' probation, a fine to reflect the seriousness of the offense, and that would be our request, Your Honor.

Thank you.

THE COURT: All right. Anything else, Mr. Gordon?

MR. GORDON: Just -- just briefly, Your Honor, yes.

And by no means does Mr. Romanowski want to minimize the seriousness of the crime to which he has pled guilty. I mean, he acknowledges that he voted when he should not have voted. The point that we are simply trying to make to the Court is that it fell more in the nature of a mistake, carelessness about the law, than a willful attempt to commit voting fraud. That was not what he was trying to do. That, you know, he was asked if he wanted to register. As Mr. Kielmanovich said, we are seeing in other cases that there has been a problem with people signing up and, for whatever reason, the State not catching the fact that they were not entitled to vote. So when he went to vote and he was permitted to vote, I think the message he got was that he was allowed to or that it was permissible.

You know, the word is now out as a result of these cases. People know about it. He is never going to do it again. And I think other people are getting the word, too,

that if they're not citizens, you know, they may not vote.

THE COURT: How would you think you can vote if you're not a citizen?

MR. GORDON: I'm sorry, Your Honor?

THE COURT: I don't know how anyone could think they can vote if there weren't a citizen.

MR. GORDON: Well --

THE COURT: Honestly, I just don't see how any human being -- I mean, if you go to some other country and you're not a citizen and you go to vote, it just is so crazy how anyone who's not a citizen think they can vote in a national election. I just don't understand it.

MR. GORDON: Well, and I'm probably not communicating the point I'm trying to make very well, but simply that the total -- the totality of the circumstances here with going to register for food stamps or for his girlfriend to register for food stamps and being asked if he wanted to sign up and being given the form and the person there saying that she wasn't sure if it mattered that he was a permanent resident or not.

I agree that it was careless. It was careless. But it was not a willful attempt to be deceitful is the point I'm trying to make, and I'm probably not making it well, Your Honor, but that's -- you know, I've been with this case a long time, and I truly believe that's what was in his heart. So.

THE COURT: Thank you.

MR. GORDON:  Thank you, Your Honor.

THE COURT:  All right, Mr. Romanowski.  The Court recognizes its obligation to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the statute.

I have considered all the arguments your lawyer's made.  I have considered your statement, sir.  I have considered the position of the United States.  I have considered the Advisory Guideline Range.

Among other things, I'm to consider the nature and circumstances of the offense and the history and characteristics of the Defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment, the need for the sentence imposed to deter others who might choose to engage in the criminal behavior that brings you here, the need for the sentence imposed to protect the public from further crime by you, the need for the sentence imposed to provide you with needed educational or vocational training, medical care, and correctional treatment in the most effective manner.

The statute lists numerous other factors.  I have considered all those factors, although I won't mention each one individually.

As for the nature and circumstance of the offense, you did plead guilty to voting as an alien in violation of

U.S.C. Section 611(a).

It is a serious offense. Citizens are entitled to vote. It's, as the Supreme Court said, a fundamental political right 'cause it's preservative of all rights, the most fundamental significance within our constitutional structure. And it's a right that citizens have and that noncitizens don't have.

This grand experiment began under the Constitution in this country more than 200 years ago. Part of that experiment is that the citizens have a voice in the governance of the nation that noncitizens don't. And it's -- I understand Mr. Gordon. I understand what he was saying, and certainly it's incredible to me that anybody who is paid to help people sign up or whatever, see a green card or somebody leaves that blank and they let them -- they say, "I don't know," I mean, that's -- that person is not a good citizen.

But at the end of the day, to vote when you're not entitled to vote does dilute the votes of those who voted, and you did it twice. And you shouldn't have done it. It's serious.

As for your history and characteristics, you're 39 years old. You have a green card. You've been here since two thousand -- with your green card since 2004. You've been here longer than that, I gather. You do have an employment record. You have had some issues with the law, but not anything that

gets you into a Criminal History Category beyond 1.

I do think general deterrence is important. I think people need to know that there's consequences for this. And it's just such a clear principle. I honestly don't know how the notion of anyone -- me traveling to some other country thinking, "Well, I'll go vote in their election." It just is preposterous. And no matter how long I might stay or visit, the notion that I would travel to England and vote or travel to Poland and vote, travel to Mexico and vote, I mean, it just is crazy. And so it does need to be deterred.

Having fully considered the entire record in the case, it's the judgment of the Court the Defendant, Daniel Romanowski, is placed on probation for one year.

I'm going to fine you $1200. You have to pay $100 a month every month on probation as a reminder of the wrong that you committed. This is not some seatbelt violation situation, mind you. It's a serious crime. It should be prosecuted. It dilutes the votes of citizens.

And also -- in the first two months of your probation, you're going to be on house arrest. You'll be allowed to go to your job, to the doctors, to religious services, and otherwise preapproved by probation. Standard conditions of his arrest.

But I also think that's, again, a reminder, a limitation on your liberty because you voted in two elections

that you were not allowed to vote in and thereby diluted the votes of citizens. And there have been more than one election in this country that have been decided literally by one vote. There are some votes that are decided, believe it or not, if there's a tie, and there are coins that are flipped. So each vote matters, and you shouldn't have done it. So that, again, will be a reminder of what I consider to be the seriousness of the offense, and balancing that with the need for just punishment.

So you also owe a special assessment of $25.

I do think I've properly calculated the Advisory Guideline Range, but I announce pursuant to *U.S. v. Gomez-Jimenez*, 750 F.3d 370 (4th Cir. 2014), that I'd impose the same sentence as an alternative variant sentence if I have in any way miscalculated the Advisory Guideline Range. And this is the sentence that is sufficient but not greater than necessary for Mr. Romanowski.

You can appeal your conviction if you believe your guilty plea was somehow unlawful or involuntary or if there's some other fundamental defect in the proceeding that was not waived by your guilty plea.

You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think your sentence is contrary to law. However, you did enter into a plea agreement that contains an appellate waiver.

In light of your sentence, I believe you've waived your right to appeal your sentence. If you believe the waiver is unenforceable or inapplicable for any reason, you can present that theory to the Appellate Court.

With few exceptions, any Notice of Appeal must be filed within 14 days of the judgment being entered on the docket in your case. If you're unable to pay the cost of an appeal, you may apply for leave to appeal *in forma pauperis*.

If you so request, the Clerk of Court will prepare and file a Notice of Appeal on your behalf.

Mr. Gordon, is there anything else today we need to do?

MR. GORDON: Your Honor did say a $1200 fine to be paid --

THE COURT: Correct. $100 --

MR. GORDON: -- monthly? Thank you.

THE COURT: -- during the period of 12 months of probation. That's just going to be a monthly reminder.

MR. GORDON: Correct.

THE COURT: You have a job and -- but that's going to be a monthly reminder because you shouldn't have done this. And every month that's going to remind you. So you're going to have to make sure you save that basically $25 a week so that at the end of the month you can pay that hundred dollars each month during the time you're on probation.

THE DEFENDANT:  Okay.

THE COURT:  And you'll need to speak with the probation officer before you leave.

THE DEFENDANT:  Okay.

THE COURT:  Anything else, Mr. Kielmanovich?

MR. KIELMANOVICH:  No, thank you, Your Honor.

THE COURT:  I thank counsel for their work here today.  That will conclude the matter involving Mr. Romanowski.

MR. GORDON:  Thank you, Your Honor.

THE COURT:  There won't be any electronic monitoring.

MR. GORDON:  I'm sorry, Your Honor?

THE COURT:  I said there won't be any electronic monitoring.

MR. GORDON:  Oh.  Thank you, Your Honor.

(Proceedings concluded at 9:19 a.m.)

_____

(END OF TRANSCRIPT.)

_____

NORTH CAROLINA

CHATHAM COUNTY

### CERTIFICATION OF REPORTER

I, Wanda B. Constantino, CVR-CM-M, contract court reporter for the United States District Court for the Eastern District of North Carolina, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the forgoing is a true and correct transcript of the proceedings held in the above-entitled matter;

That the proceedings were reported by me using the voice-

writing (Stenomask) method; and

That the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 23rd day of February, 2019.


                         Wanda B. Constantino, CVR-CM-M
                         Contract Court Reporter